**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS PINEDA, | Case No.: 2:26-cv-00618-APG-BNW |
| Petitioner | **Order (1) Denying Amended Petition for a Writ of Habeas Corpus and (2) Granting Respondents' Motion to Seal** |
| v. | |
| TODD BLANCHE, et al.,[1] | [ECF Nos. 8, 10] |
| Respondents | |

Petitioner Carlos Pineda is a noncitizen currently being detained by Immigration and Customs Enforcement (ICE) at the Nevada Southern Detention Center. ECF No. 8 at 2.  He is a citizen of El Salvador and was brought to the United States when he was three years old. *Id.* at 1-2.  He was adopted by his aunt, an American citizen, when he was eight, and his aunt filed a I-130 petition to start the process for Pineda to become a Lawful Permanent Resident. *Id.* at 3. That petition is pending. *Id.*

In March 2025, Pineda was arrested for several state firearm-related offenses in Las Vegas, Nevada. ECF No. 11 at 5.  He pleaded guilty to ownership or possession of a firearm by a prohibited person under Nevada Revised Statutes (NRS) § 202.360 in May 2025. ECF No. 9-4 at 2.  About six months later, on November 14, 2025, he was transferred into ICE custody, and the government commenced removal proceedings against him. ECF No. 8 at 3-4.  Pineda received a bond hearing on February 23, 2026, and the Immigration Judge (IJ) denied bond "[a]fter full consideration of the evidence presented," finding that Pineda was a "[d]anger to the community" due to his "dangerous offenses." ECF No. 9-6 at 2.  An IJ later ordered Pineda removed. *See EOIR Automated Case Info*, EXEC. OFF. FOR IMMGR. REV.,

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi. Fed. R. Civ. P. 25(d).

https://acis.eoir.justice.gov/en/caseInformation (last visited June 8, 2026).  Pineda appealed that order, and his appeal is pending. *Id.*

Pineda filed this petition for a writ of habeas corpus, seeking his immediate release or a bond hearing where the government bears the burden to show by clear and convincing evidence that he should be detained.  He first argues that he is detained under 8 U.S.C. § 1226(a), which entitles him to a bond hearing.  Second, he argues that his prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment.  Finally, he contends that he is a member of the class in *Jacobo Ramirez[2] v. Mullin*, No. 2:25-cv-02136-RFB-MDC (D. Nev.).

The government responds that Pineda is not entitled to a bond hearing because he is either lawfully detained under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission or under 8 U.S.C. § 1226(c) due to his conviction for ownership or possession of a firearm by a prohibited person.  It also argues that his temporary detention does not violate due process.  Additionally, it moves to seal Pineda's Presentence Investigation Report that it provided as an exhibit.

I deny Pineda's petition because he has not shown he is entitled to relief.  I grant the government's motion to seal his Presentence Investigation Report.

**I.      PETITION FOR A WRIT OF HABEAS CORPUS**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas

---

[2] *Jacobo Ramirez v. Mullin* alternates using a hyphen in plaintiff Victor Kalid Jacobo Ramirez's name. *See Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1044, 1047 (D. Nev. 2025).  The Westlaw citation does not include a citation, so I do not either to be consistent.

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. Section 1225(b)(2)(A) does not govern Pineda's detention.**

The government argues that § 1225(b)(2)(A) mandates Pineda's detention, which Pineda disputes. I have already ruled that § 1225(b)(2)(A) applies only to noncitizens in the border context. *Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *3-4 (D. Nev. Apr. 1, 2026). Because Pineda was detained within the country, far from the border, § 1225(b)(2)(A) cannot govern his detention. *See Id.* at 4.

**B. Pineda is not detained under § 1226(c).**

The government next contends that § 1226(c)(1) governs Pineda's detention because he has committed a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Section 1226(c)(1)(A) mandates the government detain noncitizens who have "committed any offense covered in section 1182(a)(2)" without a bond hearing. Section 1182(a)(2) covers "any alien convicted of . . . a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The government identifies two statutory provisions that it contends make Pineda's conviction for ownership or possession of a firearm by a prohibited person a crime of moral

3

turpitude. It first argues that the conviction qualifies as a crime of violence under 18 U.S.C. § 16(b), which defines crimes of violence to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court, however, has ruled that § 16(b)'s definition of a crime of violence is unconstitutionally vague under the Due Process Clause. *Sessions v. Dimaya*, 584 U.S. 148, 162 (2018); *Gutierrez v. Garland*, 106 F.4th 866, 873 n.4 (9th Cir. 2024). Therefore, § 16(b) cannot form the basis for Pineda's offense to be a crime involving moral turpitude.

The government next argues that Pineda's offense is an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(iii), which classifies offenses under 26 U.S.C. § 5861 as aggravated felonies for the purposes of the Immigration and Nationality Act. Specifically, the government contends Pineda's conviction falls under § 5861(d), which states that it is "unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." But § 5861(d) is a federal criminal statute for which people can be convicted. It is not a category of crimes that state offenses can fall under. Pineda was convicted of NRS § 202.360, so § 1101(a)(43)(E)(iii) also cannot form the basis for his offense to be a crime involving moral turpitude. Therefore, under the arguments advanced by the government,[3]

---

[3] Neither side addresses the Ninth Circuit's caselaw that analyzes whether an offense is a crime involving moral turpitude under § 1182(a)(2)(A)(i)(I). "To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 959 (9th Cir. 2025) (quotation omitted). A crime of moral turpitude "generally" is an offense "that (1) is vile, base, or depraved and (2) violates accepted moral standards." *Ceron v. Holder*, 747 F.3d 773, 779 (9th Cir. 2014) (quotation omitted). I "do not look to the facts of the underlying conviction, but rather to the state statute defining the conviction." *Id.* at 780 (quotation omitted). I do not apply this standard in this order because neither side raises it.

§ 1226(c) does not mandate Pineda's detention.  Instead, because Pineda was detained within the country, § 1226(a) governs his detention. *Rodriguez*, 2026 WL 895685, at *3-4.

**C.  Pineda is not entitled to relief.**

Pineda next asserts that he is a member of the class in *Jacobo Ramirez*, No. 2:25-cv-02136-RFB-MDC.  The certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

*Jacobo Ramirez v. Mullin,* No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *4 (D. Nev. Mar. 30, 2026).  Pineda meets all five prongs.  But I do not transfer his case because Pineda received a bond hearing and now requests relief under the Due Process Clause, which is beyond the scope of the partial summary judgment order in *Jacobo Ramirez*. *See Garcia-Delgadillo v. Knight*, 3:26-cv-00260-MMD-CLB, ECF No. 11 (D. Nev.).  Further, other courts in this district have ruled on petitions of *Jacobo Ramirez* class members, particularly when they involve constitutional claims. *See Alcaraz Mendoza, v. Blanche,* No. 2:26-cv-00929-GMN-BNW, 2026 WL 1493827, at *4-5 (D. Nev. May 28, 2026).

There is no standard relief for *Jacobo Ramirez* class members.  The remedy depends on the process the class member has received. *See Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1058 (D. Nev. 2025) (ordering that one class member be immediately released and another class member receive a bond hearing).  Here, Pineda alleges he did not receive an initial custody determination by an ICE officer under 8 C.F.R § 236.1(c)(8) when he was first transferred to ICE

custody.  While this violates § 1226(a)'s implementing regulations, the proper remedy for this violation would be a bond hearing, considering Pineda was detained by ICE immediately from state custody after being arrested for several firearm charges and pleading guilty to one.  Pineda received a bond hearing, where the IJ denied bond after considering the merits.  Pineda is therefore not entitled to relief under the Immigration and Nationality Act.

Pineda next argues he is entitled to relief because his prolonged detention without a bond hearing violates his due process rights. ECF No. 8 at 6-12 ("Because Mr. Pineda has not received any bond or custody determination hearing and because he has been detained without process since November 2025, the risk of erroneous deprivation of liberty is high.").  But the government produced an order from an IJ showing that Pineda received a bond hearing on the merits in February 2026. ECF No. 9-6.  Pineda offers no evidence to rebut the government's proof, instead reasserting in his reply that "[h]e has been detained since November 2025 without any bond or custody determination hearing." ECF No. 13 at 9.  Therefore, because the premise of Pineda's due process argument is incorrect, I deny him relief on due process grounds.

## II.   RESPONDENT'S MOTION TO SEAL

The government moves to file under seal Pineda's Presentence Investigation Report, which contains his personally identifiable information.  Protecting a party's personal identifiers is "good cause," so I grant the motion to seal the document. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quotation omitted); *see* L-R 6-1(a).

## III.   CONCLUSION

I THEREFORE ORDER that petitioner Carlos Pineda's amended petition for a writ of habeas corpus **(ECF No. 8) is DENIED**.

6

I FURTHER ORDER that the respondents' motion to seal **(ECF No. 10) is GRANTED**. ECF No. 11 shall remain sealed.

I FURTHER ORDER the clerk of court to close this case.

DATED this 16th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

7